UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 21-1290 PA (PDx) | Date | March 10, 2021 |
|---|---|---|---|
| Title | Vilen Khachatryan v. BMW of North America, LLC et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Gabriela Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

　　On December 28, 2020, plaintiff Vilen Khachatryan ("Plaintiff") filed a "lemon law" lawsuit in the Superior Court of California, County of Los Angeles, Case No. 20STCV49368. Plaintiff raises the following claims for relief: (1) breach of written warranty, pursuant to the Magnuson-Moss Warranty Act; (2) breach of implied warranty, pursuant to the Magnuson-Moss Warranty Act; (3) breach of written warranty, pursuant to the Song-Beverly Consumer Warranty Act; (4) breach of implied warranty, pursuant to the Song-Beverly Consumer Warranty Act; and (5) negligent manufacture. On February 11, 2021, defendant BMW of North America, LLC ("BMW" or "Defendant") filed a Notice of Removal with this Court. (Dkt. 1 ("Removal").) The Notice of Removal alleges that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as well as federal question jurisdiction pursuant to 28 U.S.C. § 1331 because of Plaintiffs' Magnuson-Moss claims. (Id. at ¶4 (alleging diversity jurisdiction), ¶16 (alleging federal question jurisdiction and citing 15 U.S.C. § 2310(d)(1)(B)).)

　　Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

　　Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1290 PA (PDx) | Date | March 10, 2021 |
|---|---|---|---|
| Title | Vilen Khachatryan v. BMW of North America, LLC et al. | | |

986 (S.D. Cal. 2005). When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90 (1938)). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

In addition, the Magnuson-Moss Warranty Act allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to bring a "suit for damages and other legal and equitable relief" in "any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1). Magnuson-Moss also establishes that no such claim may be brought in the United States District Courts "if the amount in controversy of any individual claim is less than the sum or value of $25" or "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)." 15 U.S.C. § 2310(d)(3)(A) & (B). Put another way, federal courts only have jurisdiction over Magnuson-Moss claims if the amount in controversy exceeds $50,000. "There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332." Romo v. FFG Ins. Co., 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005).

Here, the Complaint does not present specific allegations about the amount in controversy. (Removal ¶8 (noting that "Plaintiff fails to allege a specific amount in controversy"); Ex. A ("Compl.").) In the Notice of Removal, BMW alleges that the amount in controversy for diversity jurisdiction is met because "the value of the lease agreement for the Subject Vehicle is $37,731.65, and Plaintiff seeks to recover incidental damages, consequential damages, a civil penalty under the Song-Beverly Act that could amount to two times Plaintiff's actual damages, and attorneys' fees. . . . Thus, the amount in controversy exceeds $75,000.00 based Plaintiff's claimed damages, statutory civil penalties, and attorneys' fees." (Id. at ¶8.) BMW does not present specific allegations about the Magnuson-Moss requirement that the amount in controversy exceed $50,000.

Based on the evidence and allegations presented in the Notice of Removal, the Court is unpersuaded that BMW has carried its burden of showing, by a preponderance of the evidence, that either the diversity or Magnuson-Moss amount in controversy requirement has been met here. First, BMW argues that "[a] reasonable estimate of the plaintiff's attorneys' fees can be included in the amount in controversy for claims made under the Song-Beverly Consumer Warranty Act." (Id. at ¶9.) However, BMW fails to cite any examples of the attorney's fees that plaintiffs sought in other analogous "lemon law" cases. Without more, BMW has failed to provide the Court with specific evidence showing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1290 PA (PDx) | Date | March 10, 2021 |
|---|---|---|---|
| Title | Vilen Khachatryan v. BMW of North America, LLC et al. | | |

that the attorneys' fees in this case would bring the total amount in controversy above $75,000 (or even $50,000 for the Magnuson-Moss claims). See Serran v. Pac. Coast Feather Cushion Co., 2017 WL 3720630, at *3 (C.D. Cal. Aug. 28, 2017) ("Defendants attempt to satisfy their burden by citing cases that supposedly had 'allegations similar to this one' . . . [but] Defendants do not compare the allegations and circumstances of those cases with those of the instant matter. Thus, Defendants' citation to these cases does not satisfy their burden of showing the amount in controversy through evidence and argument.") (citation omitted); Schneider v. Ford Motor Co., 2020 WL 991531, at *4 (N.D. Cal. Mar. 2, 2020) ("Defendants point to the $300,000 fee recently claimed by Plaintiff's counsel in another Ford Motor case. Yet, Defendants fail to explain how that case accords with this case. All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timeliness of the two cases.").

Second, BMW argues that "'there is good reason to include the Song–Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy.'" (Removal ¶10 (quoting Brady v. Mercedes-Benz USA, 243 F. Supp. 2d 1004, 1010 (2002)).) BMW is correct that courts frequently treat this penalty as a form of punitive damages that is appropriately included in an amount in controversy calculation. See Brady, 243 F. Supp. 2d at 1009. However, BMW has made no showing that such a civil penalty is more likely than not to be awarded here. "Simply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is 'more likely than not' that the amount in controversy requirement is satisfied." Makol v. Jaguar Land Rover North America, LLC, 2018 WL 3194424, at *3 (N.D. Cal., June 28, 2018) (remanding action to state court) (quotations and citation omitted); see also Castillo v. FCA US LLC, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding action to state court and reasoning in part that "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed. While courts frequently treat this penalty as a form of punitive damages that may be appropriately included in an amount-in-controversy calculation, Defendant has made no showing that such a civil penalty is more likely than not to be awarded here.") (citing Herko v. FCA US, LLC, 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019)).

"[T]he defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." Zawaideh v. BMW of North America, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) (collecting cases). Aside from citing Brady, BMW makes no effort to explain why the amount in controversy should include $75,463.30 (double the value of the $37,731.65 lease agreement). BMW fails to identify which allegations in the Complaint would justify such an award; nor does BMW submit evidence regarding the size of civil penalties awarded in analogous cases. Accordingly, the Court finds BMW has failed to establish that the amount in controversy should include a civil penalty in the amount of two times Plaintiff's actual damages. See Chajon v. Ford Motor Company, 2019 U.S. Dist. LEXIS 4254, at *3-4 (C.D. Cal., Jan. 8, 2019) (remanding action on this basis); Sanchez v. Ford Motor Co., 2018 U.S. Dist. LEXIS 206415, at *2-3 (C.D. Cal. Dec. 4, 2018) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1290 PA (PDx) | Date | March 10, 2021 |
|---|---|---|---|
| Title | Vilen Khachatryan v. BMW of North America, LLC et al. | | |

    Defendant has only presented evidence that "[t]he total consideration to be exchanged for the Subject Vehicle at the maturity of the lease totals $37,731.65." (Removal ¶1; Dkt. 3 at Ex. A.) This alone is insufficient to meet either the diversity or Magnuson-Moss amount in controversy requirement. Moreover, "the Lease Agreement does not necessarily reflect the amount in controversy. Damages may be based only on what the plaintiff has already paid towards the lease, or what is 'at stake' to make the plaintiff whole again." Cruz v. Mercedes-Benz USA, LLC, 2020 U.S. Dist. LEXIS 179403, at *6 (C.D. Cal. Sept. 29, 2020); see also Day v. FCA US LLC, 2020 WL 3047986, at *2 (C.D. Cal. June 8, 2020). If Plaintiff's lease payments are even less than the total value of the Lease Agreement, this further indicates that the amount in controversy is not met here.

    For the reasons discussed above, BMW has failed to carry its burden in establishing that either the Magnuson-Moss or diversity jurisdiction amount in controversy requirement is met. See Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). Therefore, Defendant has failed to establish that this Court has either federal question or diversity subject matter jurisdiction over this action. Accordingly, this action is hereby remanded to the Superior Court of California, County of Los Angeles, case number 20STCV49368, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.